**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **GREGORY MAYER, individually and on behalf of all others similarly situated,** §§§§§§ **CIVIL ACTION NO. 4:17-cv-7** | |

**GREGORY MAYER, individually and on behalf of all others similarly situated,**
      *Plaintiff,*

**v.**

**MEDICREDIT, INC. and NPAS, INC.**
      *Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION NO. 4:17-cv-7**

**JURY**

## ORIGINAL CLASS ACTION COMPLAINT

### *Jury Trial Requested*

Plaintiff Gregory Mayer (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendants MediCredit, Inc. and NPAS, Inc. (hereinafter "Defendants") of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692, *et seq.* (hereinafter "FDCPA"); the Texas Debt Collection Act, TEX. FIN. CODE § 392.001, *et seq.* (hereinafter "TDCA"); and the Telephone Consumer Protection Act, 47 U.S.C.A § 227, *et seq.* (hereinafter "TCPA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendants from their unlawful conduct.

### I.
### PARTIES

1.    Plaintiff Gregory Mayer is a natural person who resides in Collin County, Texas and who is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.      Defendant MediCredit, Inc. is a Missouri corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 190 Carondelet Plaza, Suite 1590, St. Louis, Missouri 63105 and may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

3.      Defendant NPAS, Inc. is a Tennessee corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at One Park Plaza, Nashville, Tennessee 37203 and may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

4.      All conditions precedent to Plaintiff's proceedings with this lawsuit have occurred.

## II.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Plaintiff alleges several nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which Defendants are deemed to reside.

6.      Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendants arising under state law.

7. Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendants are actively doing business in this State and are subject to personal jurisdiction throughout the State; (ii) Defendants transact business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims.

### III.
### THE FAIR DEBT COLLECTION PRACTICES ACT,
### ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

8. In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted). "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

**IV.**
**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**
**("TCPA"), 47 U.S.C. § 227**

9.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA),[1] in response to a growing number of consumer complaints regarding certain

telemarketing practices.

10.      The TCPA regulates, among other things, the use of automated telephone dialing

equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits

the use of autodialers to make any call to a wireless number in the absence of an emergency or the

prior express consent of the called party. [2]

11.      According to findings by the Federal Communication Commission ("FCC"), the agency

Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used. [3]

12.      The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists
> telemarketers in predicting when a sales agent will be available to take calls. The
> hardware, when paired with certain software, has the capacity to store or produce numbers
> and dial those numbers at random, in sequential order, or from a database of numbers . . .
> [i]n most cases, telemarketers program the numbers to be called into the equipment, and
> the dealer calls them at a rate to ensure that when a consumer answers the phone, a sales

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §
227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201, *et seq*.

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278,
Report and Order, 18 FCC Rcd 14014 (2003).

person is available to take the call. [4]

Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."

## V.
## FACTS RELATED TO PLAINTIFF GREGORY MAYER

13.      On or before January 4, 2016 an obligation (the "Debt") was allegedly incurred by Plaintiff to the original creditor, St. David's Medical Center ("Creditor").

14.      The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and therefore it meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and TEX. FIN. CODE § 392.001(2).

15.      Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16.      Defendants contend that the Debt is in default.

17.      Plaintiff owed Creditor $1,500 and had an agreement with Creditor to pay $30-35 dollars per month. While this agreement was not in writing, Plaintiff has neither missed a payment nor been late in making a payment.

18.      On or about January 4, 2016 Defendants called Plaintiff on his cell phone in an attempt to collect the Debt.

19.      On or about January 12, 2016 Plaintiff requested Defendants stop calling Plaintiff's cell phone. Plaintiff mailed Defendant MediCredit, Inc. a Cease & Desist letter via Certified Mail Return Receipt Requested; Defendant MediCredit, Inc received the Cease & Desist letter via Certified Mail Return Receipt Requested on January 15, 2016. A copy of this letter and the

---

[4] 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

Certified Mail Receipt are attached as Exhibit A.

20.     Despite receiving this letter, Defendants continued making calls to Plaintiff's cellular telephone number. Each of these calls constituted a "communication" as defined by 15 U.S.C. § 1692(a)(2) and "debt collection" as defined by Tex. Fin. Code § 392.001(5).

21.     On March 25, 2016, Plaintiff mailed Defendant MediCredit, Inc. a second Cease & Desist letter via Certified Mail Return Receipt Requested; Defendant MediCredit, Inc. received the second Cease & Desist letter via Certified Mail Return Receipt Requested letter on April 4, 2016. A copy of this letter and the Certified Mail Receipt are attached as Exhibit B.

22.     On information and belief, Defendants utilized a predictive dialer, a type of dialer which the FCC has explicitly found to be a type of "automatic telephone dialing equipment." (See *supra*, ¶ 12).

23.     Defendants' automated telephone dialing system made calls to the Plaintiff's cellular telephone number on numerous and repeated occasions including, but not limited to, the following.

> a.  01/04/16,
>
> b.  01/07/16,
>
> c.  01/11/16,
>
> d.  01/18/16,
>
> e.  02/29/16,
>
> f.  03/09/16,
>
> g.  03/17/16,
>
> h.  03/22/16,
>
> i.  03/29/16,
>
> j.  04/04/16,

       k.  04/04/16,

       l.  04/18/16,

       m. 04/21/16,

       n.  04/28/16,

       o.  05/11/16, and

       p.  05/26/16.

24.     47 U.S.C. § 227(b)(1) prohibits the use of automated telephone dialing systems for non-emergency purposes to make a call to any telephone number assigned to a cellular telephone service.

25.     On each of the aforementioned dates and times and, upon information and belief, other times as well, Defendants contacted Plaintiff on Plaintiff's cellular telephone service by using an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

26.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, the TDCA, and the TCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

27.     The telephone number Defendants called was assigned to a cellular telephone service.

28.     The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

29.     The above unlawful practices are Defendants' routine procedures for collecting consumer debts.

30.     The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

# VI.
# CLASS ALLEGATIONS

31.     This action is maintained as a class action on behalf of the following described classes

(hereinafter collectively referred to as "the Classes"):

  a.     FDCPA Class: All persons who reside in the United States and on or after
         January 4, 2016 who were called by Defendants from January 4, 2016
         though the present, in an attempt to collect a debt, using an automatic
         telephone dialing system, where the call was placed to the person's cellular
         telephone number that Defendants did not obtain either from a creditor or
         directly from the person himself or herself and/or where the call was placed
         to the person's phone number after the person had revoked prior express
         consent.

  b.     TDCA Class: All persons who reside in Texas and from whom, on or after
         January 4, 2015 who were called by Defendants from January 4, 2015
         though the present, in an attempt to collect a debt, using an automatic
         telephone dialing system, where the call was placed to the person's cellular
         telephone number that Defendants did not obtain either from a creditor or
         directly from the person himself or herself and/or where the call was placed
         to the person's phone number after the person had revoked prior express
         consent.

  c.     TCPA Class: All persons who reside within the United States and who were
         called by Defendants from January 4, 2013 though the present, in an attempt
         to collect a debt, using an automatic telephone dialing system, where the
         call was placed to the person's cellular telephone number that Defendants
         did not obtain either from a creditor or directly from the person himself or
         herself and/or where the call was placed to the person's phone number after
         the person had revoked prior express consent.

     Excluded from each of the above Classes are all employees, including, but not limited to,
     Judges, clerks and court staff and personnel, of the United States District Court, their
     spouses, and any minor children living in their households.  Also excluded are employees
     of Defendants, their spouses, and any minor children living in their households.  Also
     excluded are Class counsel and their employees, their spouses, and any minor children
     living in their households.

32.     The unlawful actions of Defendants entitles Plaintiff and each Class Member to actual and

statutory damages as well as injunctive relief.

33.     The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendants.

34.     Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates its duty to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

35.     Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendants engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner—and utilizing the same method— as Defendants utilized against Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

36.     There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendants' conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.

37.     Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

> a.     Whether Defendants are a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

      b.      Whether Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act;

      c.      Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the Fair Debt Collection Practices Act;

      d.      Whether Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

      e.      Whether Defendants' actions constitute a violation of 15 U.S.C. § 1692d(5);

      f.      Whether Defendants are liable for damages and the amount of such damages; and

      g.      Whether Plaintiff and FDCPA Class members are entitled to an award of attorneys' fees and costs.

38.     Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

      a.      Whether Defendants are "debt collectors" as that term is defined by the Texas Debt Collection Act;

      b.      Whether Plaintiff is a "consumer" as defined by the TDCA;

      c.      Whether the debt that Defendants sought to collect was a "consumer debt" as defined by the TDCA;

      d.      Whether Defendants' actions constitute a violation of Tex. Fin. Code § 392.302(4);

      e.      Whether Defendants are liable for damages and the amount of such damages;

      f.      Whether Plaintiff and Class Members are entitled to seek an injunction against Defendants to prevent or restrain further violations of the TDCA; and

      g.      Whether Defendants directly and proximately caused Plaintiff and Class Members' injuries for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, declaratory relief, injunctive relief, and other legal and equitable relief.

39.     Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

a.      Whether Defendants made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

b.      Whether such practice violates the TCPA;

c.      Whether Defendants' conduct was knowing and willful;

d.      Which services or processes Defendants employed to obtain class members' cellular telephone numbers;

e.      Which technologies or services were available to Defendants to enable it to differentiate between wireless numbers and wireline numbers;

f.      Whether Defendants are liable for damages and the amount of such damages; and

g.      Whether Defendants should be enjoined from engaging in such conduct in the future.

40.     The relief sought by each Class Member is common to the entirety of each respective class.

41.     Defendants have acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

42.     For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendants.

43.     This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

44.     A class action is superior to other available methods for the fair and efficient adjudication

of the claims asserted herein given that, among other things:

    a.    significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    b.    the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

    c.    without the representation provided by Plaintiffs herein, few, if any, Class Members will receive legal representation or redress for their injuries;

    d.    class treatment is required for optimal deterrence;

    e.    despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

    f.    no unusual difficulties are likely to be encountered in the management of this class action;

    g.    absent a class action, Defendants' illegal conduct shall go unremedied and uncorrected; and

    h.    absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendants' illegal conduct.

45.     Concentrating this litigation in one forum would aid judicial economy and efficiency,

promote parity among the claims of the individual members of the class, and result in judicial

consistency.

## VII.
## CAUSES OF ACTION

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692, *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendants are debt collectors as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

48.     Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

49.     The debt that Defendants sought to collect was a consumer debt as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(5).

50.     Defendants engaged in behavior the natural consequences of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(d).

51.     Defendants' conduct violated 15 U.S.C. § 1692d(5) when Defendants caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number by repeatedly or continuously calling Plaintiff with the intent to annoy, abuse, or harass at the called number.

52.     Congress enacted the FDCPA to prevent real harm.  Under the FDCPA, Plaintiff has a statutory right to not be subjected to harassing calls.  The harm that Plaintiff has alleged is exactly the harm Congress targeted by enacting the FDCPA. Congress "elevat[ed]" these "concrete, de facto" injuries "to the status of legally cognizable injuries." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).  Its aim was "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

53.     As a result of Defendants' violations of 15 U.S.C. § 1692, *et seq.*, Plaintiff and Class members are each entitled to actual and statutory damages.

54.     Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

**COUNT TWO**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT,**
**TEX. FIN. CODE § 392.001, *et seq.***

55.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56.     The acts of Defendants constitute a violation of the TDCA. *See* TEX. FIN. CODE § 392.001, *et seq.*

57.     Defendants are "debt collectors" as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(6).

58.     Plaintiff is a "consumer" as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(1).

59.     The debt that Defendants sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

60.     The TDCA limits the rights of debt collectors in an effort to protect the rights of consumers.

61.     Specifically, TEX. FIN. CODE § 392.302(4) makes it illegal for debt collectors, during debt collection to oppress, harass, or abuse a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

62.     The numerous telephone calls by Defendants were abusive, constituted harassment, and were made in violation of TEX. FIN. CODE § 392.302(4).

63.     As a result of Defendants' violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendants to prevent or restrain further violations. TEX. FIN. CODE § 392.403(1).

64.     Defendants' described actions in violation of the Texas Debt Collection Act have directly and proximately caused Plaintiff and Class Members injury for which they are entitled to actual

damages, statutory damages and reasonable attorneys' fees and costs, declaratory relief, injunctive

relief and other legal and equitable relief pleaded herein.

## <u>COUNT THREE</u>
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227, *et seq.*

65.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

66.     The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, restricts the making of

telephone calls to cellular phones for commercial purposes that are made using "any automatic

telephone dialing system."  TCPA § 227(b)(A)(iii).

67.     Defendants made telephone calls to Plaintiff's cell phone using an automatic telephone

dialing service without consent, which was prohibited by the TCPA.

68.     Defendants negligently disregarded the TCPA in using automated telephone dialing

equipment to call Plaintiff and the TCPA class' cellular telephones without express consent.

69.     The foregoing acts and omissions of Defendants constitutes numerous and multiple

negligent violations of the TCPA, including but not limited to each of the above cited provisions

of 47 U.S.C. § 227, *et seq.*

70.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-

recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided

that "banning" such calls made without consent was "the only effective means of protecting

telephone consumers from this nuisance and privacy invasion."[5]

---

[5]  Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

71.     Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

72.     Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

73.     Defendants' phone calls harmed Plaintiff by intruding upon his seclusion.

74.     Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

75.     Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

76.     Defendants' phone calls harmed Plaintiff by using minutes allocated to him by his cellular telephone service provider.

77.     As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call-in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

**COUNT FOUR**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227, *et seq.***

78.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

79.     Defendants knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff and the class' cellular telephone without express consent.

80.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

81.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[6]

82.     Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

83.     Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

84.     Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

85.     Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

86.     Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

87.     Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

88.     Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

89.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call-in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## VIII.
## VICARIOUS LIABILITY

90.     At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendants and were working in the

---

[6] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

course and scope of their employment with Defendants. Defendants had the right to control their activities. Therefore, Defendants are liable for their actions, inactions, and conduct which violated the FDCPA, the TDCA, and the TCPA and proximately caused damage to Plaintiff and each member of the classes as described herein.

## IX.
## JURY REQUEST

91.    Plaintiff request that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendants as follows:

a.   Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

b.   Declaring:

   i.   Defendants' actions violated the FDCPA;
   ii.   Defendants' actions violated the TDCA; and
   iii.   Defendants' actions violated the TCPA;

c.   Enjoin Defendants from committing further violations of the FDCPA, the TDCA, and the TCPA;

d.   Awarding Plaintiff and Class Members actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

e.   Awarding Plaintiff and Class Members statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

f.   Awarding Plaintiff and Class Members actual and statutory damages and penalties under the TCPA and the TDCA;

g.   Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants, including treble damages under 47 U.S.C.A. § 227(b)(3);

h.   Awarding Plaintiff and Class Members punitive damages; and

i.   Granting such other relief that equity and the law deems appropriate.

Dated:  January 4, 2017                 Respectfully submitted,

                                        By: /s/ Walt D. Roper
                                            Walt D. Roper
                                            TX State Bar No. 00786208
                                            **THE ROPER FIRM, P.C.**
                                            3001 Knox Street, Suite 405
                                            Dallas, TX 75205
                                            Telephone: 214-420-4520
                                            Facsimile: 1+214-856-8480
                                            Email: walt@roperfirm.com


                                        **ATTORNEY FOR PLAINTIFF**